IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : : : | |
| v. | : : | Criminal Action No. 17-88-RGA |
| MICHAEL BOYCE., | : : | |
| Defendant. | : | |

MEMORANDUM ORDER

Defendant has filed a motion which seeks compassionate release. (D.I. 41). I have received further submissions. (D.I. 42, 44, 46-51). The statute applicable to this motion, 18 U.S.C. § 3582, provides as follows, in relevant part:

> The court may not modify a term of imprisonment once it has been imposed except that—
> (1) in any case—
> > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > > (i) extraordinary and compelling reasons warrant such a reduction; or
> > > (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. §3582(c).

There is a relevant Sentencing Guideline, section 1B1.13, which provides a policy statement, as follows:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)    (A)   extraordinary and compelling reasons warrant the reduction; or
>        (B)   the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;
> (2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3)    the reduction is consistent with this policy statement.

U.S.S.G. §1B1.13.

Further, there is an application note, which provides:

> 1.    <u>Extraordinary and Compelling Reasons</u>.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:
> (A)    <u>Medical Condition of the Defendant</u>.—
>      (i)    The defendant is suffering from a terminal illness (<u>i.e.</u>, a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (<u>i.e.</u>, a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
>      (ii)    The defendant is—
>          (I)    suffering from a serious physical or medical condition,
>          (II)    suffering from a serious functional or cognitive impairment, or
>          (III)    experiencing deteriorating physical or mental health because of the aging process,

    that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.
 (B) <u>Age of the Defendant</u>.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.
 (C) <u>Family Circumstances</u>.
  (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
  (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.
 (D) <u>Other Reasons</u>.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G § 1B1.13, Applic. Note 1.

 By way of background, I sentenced Defendant on April 24, 2019, to a term of imprisonment of 60 months. He is a non-violent offender. I allowed him to self-report. He has been incarcerated since May 31, 2019, at the FCI Fairton Camp in New Jersey. (D.I. 41-1 at 1). His release date as per the Bureau of Prisons Inmate Locator is September 2, 2023. Thus, he has served about one year of his sentence and has about three years to go. He is nearly 59, and has a number of chronic illnesses, according to Defendant, including diabetes, hypertension, hyperlipidemia, thyroid impairment, aortic stenosis, and obesity. (*Id*. at 2). He says he is immuno-compromised. According to the most recent submission of the Government, on June 11th, there were sixteen inmate and two staff positive cases of COVID-19 at FCI Fairton, but none were in the Camp. (D.I. 51). According to the BOP website on June 17, there are now seventeen inmate and four staff positive cases.

 I try to make sense of the numbers. Fairton does not seem to be in the midst of an outbreak. What else can I glean from the numbers? Fairton has a population of 993 inmates at FCI and FDC, and 90 inmates at the Camp, for an overall total of 1083. By my reckoning, the

inmate population has a current rate of infection of about 1.5%. I also note that the BOP says that nationwide there are 133,384 federal inmates and that 1209 have confirmed positive results and that 4940 have recovered. So, assuming that the ratio of 4940 recovered to 1209 current applies to Fairton (a doubtful assumption, but the best I can do), Fairton's duration-of-the-pandemic infection rate would be about 6.1%. The duration-of-the-pandemic infection rate in New Jersey for the population of the state as a whole appears as of today to be about 1.9%. Thus, I estimate Fairton's rate to be a little more than 3 times that of the outside.

In essence, before I can grant the motion of a prisoner for compassionate release, the prisoner has (1) to exhaust administrative remedies, *see United States v. Raia*, 954 F.3d 594 (3d Cir. 2020), (2) to show extraordinary and compelling circumstances, (3) to show an absence of dangerousness, and (4) to show that the section 3553(a) factors support a reduced sentence. It appears that I should consider these sequentially. *See, e.g., United States v. Washington*, 2020 WL 1969301 (W.D.N.Y. April 24, 2020).

Here, the Government earlier raised issues about exactly when Defendant requested compassionate release from the Warden, but concedes that he had done so no later than May 1, 2020. (D.I. 44 at 4). The Interim Warden denied the request on May 15, 2020. (D.I. 47, Exh. A). More than 30 days have elapsed since then, and the request has not been granted. Thus, Defendant meets the exhaustion requirement. The Government agrees. (D.I. 46 at 8).

Defendant essentially argues that the extraordinary and compelling circumstances are that he has multiple diseases that increase his risk for getting very sick from COVID-19, and that we are in the middle of the COVID-19 pandemic. The Government has produced 208 pages of Defendant's medical records. (D.I. 47, Exh. B). As the Government summarizes, Defendant's "conditions have resolved, are relatively minor, or are effectively controlled with medication."

(D.I. 46 at 1).  The Government characterizes Defendant's medical conditions as being mainly diabetes, hypertension, hyperlipidemia, and hypothyroid disorder.  (*Id.* at 7). The Government notes that Defendant lost 80 pounds and is no longer as obese as he once was.  (*Id.*).  As to the four conditions the Government concedes exist, the Government points out that none of them is a "terminal illness" (within the meaning of the Application Note) or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility."  (D.I. 46 at 10).  I agree with that.

The Government points out that diabetes is the only condition that Defendant has that is addressed by the CDC website relating to COVID-19.  The CDC website as of June 17 indeed describes "those at high-risk for severe illness from COVID-19" as including those "with underlying medical conditions, particularly if not well controlled, including: . . . People with diabetes."  The Government disputes that Defendant is "immuno-compromised."  The CDC website addresses people who are immuno-compromised, but the website's list of conditions that "weaken a person's immune system" does not seem to include any of Defendant's conditions.

I note Defendant's reply relies heavily upon *United States v. Somerville*, 2020 WL 2781585 (W.D. Pa. May 29, 2020).  (D.I. 50).  I read the case.  There the Court concluded that an individual with some of the same diseases as Defendant was found to have met the "extraordinary and compelling circumstances" requirement.  One point in *Somerville* is that the last subsection of the Application Note – "Other Reasons" – is not limited to determinations made by the Director of the Bureau of Prisons.  The Court can make that determination too.  That's where the status of the COVID-19 pandemic can become a relevant consideration.  In *Somerville* and some of the other numerous district court decisions addressing compassionate release motions, the Courts consider the circumstances of the institution where the inmate is

5

located. I assume that indeed I can do that. The Government points me to the Camp – no cases to date – and that consideration certainly seems to suggest that the circumstances are not "extraordinary and compelling" for Defendant. Of course, that could change virtually overnight. Presumably that is why the Government ends its submission with the suggestion that a denial of the motion be without prejudice. "This will allow Defendant to supplement the instant motion with additional information if conditions meaningfully change, with regard to either his own health or the incidence of COVID-19 at Fairton." (D.I. 46 at 20).[1]

In my opinion, Defendant has health issues, but they do not at this stage, combined with his Camp placement, demonstrate "extraordinary and compelling circumstances," even when combined with the on-going COVID-19 pandemic, and thus, he does not qualify for compassionate release. I therefore need not address the third and fourth steps in the analysis.

Thus, I **DENY** Defendant's motion (D.I. 41) without prejudice.

IT IS SO ORDERED this 17th day of June 2020.

  /s/ Richard G. Andrews  
United States District Judge

---

[1] I take it that the Government is not going to object to supplementation on the basis that Defendant has first to make another administrative request to the Warden. If I am wrong about that, then I have difficulty understanding why the Government would suggest that a denial without prejudice is meaningfully different from a simple denial. On the other hand, if I am right about that, then I seem to have inserted myself into the day-to-day life of the prison without having the Warden's ability to gather relevant information in a timely fashion. Whatever the Government's view about this, I stress to Defendant and his able counsel that at a minimum administrative relief ought to be sought "if conditions meaningfully change." I am not the first option.